[686 NYS2d 806]

In the Matter of ETHAN ERIC ELLNER (Admitted as ETHAN E. ELLNER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 15, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

*Richard E. Mischel,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing one charge of professional misconduct against him. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent's counsel has submitted an affirmation joining in the motion to confirm the Special Referee's findings in full and asking the Court to take into consideration all of the evidence presented in mitigation.

Charge One alleged that the respondent has been convicted of a crime.

On or about June 27, 1997, the respondent pleaded guilty in the United States District Court, Eastern District of New York, before the Honorable Judge Joanna Seybert, to one count of attempting to evade or defeat tax, in violation of 26 USC § 7201. The respondent was sentenced on or about October 16, 1997 to a term of incarceration of one month, supervised release for three years, home detention for three months subject to electronic monitoring by the Probation Department, and a fine of $5,050.

Based upon the uncontroverted fact of the respondent's conviction and his admissions, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm, which is supported by the respondent, is granted.

In determining an appropriate measure of discipline to impose, we have considered that the respondent has accepted full responsibility for his actions and made restitution, that he continues to express remorse for the harm caused to his family and to the reputation of the legal profession, that his record is previously unblemished, and that, as stipulated to at the hearing, he fully cooperated with the Grievance Committee's investigation. To date, the respondent has met all of the conditions of his sentence. The respondent has also submitted favorable character evidence from individuals he has represented as well as other professionals personally familiar with him.

Notwithstanding the mitigation offered by the respondent, the plea minutes reflect that the respondent failed to report approximately $48,000 in income for the tax year 1992, resulting in a tax loss of approximately $12,000. Under the totality of circumstances, the respondent is suspended for one year.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Ethan Eric Ellner, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ethan Eric Ellner, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.